IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

| | | |
|---|---|---|
| ANTONIO SEGUNDO OLIVEROS, | § | PLAINTIFF |
| # 81964-004 | § | |
| | § | |
| V. | § | CAUSE NO. 5:11CV130-DCB-JMR |
| | § | |
| CORRECTIONS CORPORATION OF | § | |
| AMERICA, FEDERAL BUREAU OF | § | |
| PRISONS, and VANCE LAUGHLIN | § | DEFENDANTS |

ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court *sua sponte*. *Pro se* Plaintiff Antonio Segundo Oliveros initiated this action on September 6, 2011, alleging Defendants refused to release records vital to his pending immigration case. He was held in the custody of the Department of Homeland Security at the Federal Detention Center in Oakdale, Louisiana.

On September 6, 2011, the Court mailed Oliveros the Notice of the Prison Litigation Reform Act, Acknowledgment of Receipt and Certification, and a form for voluntary dismissal. The Court ordered him to sign and file either the Acknowledgment or the Notice of Voluntary Dismissal within 30 days. The Court likewise entered an [6] Order directing him to amend his application to proceed *in forma pauperis* within 30 days. Having received no response, on November 2 the Court entered an [7] Order to Show Cause ordering Oliveros to show cause by November 16 why the case should not be dismissed for failure to prosecute or to obey Orders of the Court.

All [5, 6, 7] Orders were sent to Oliveros's address of record.  The first two were not returned as undeliverable.  They warned him that failure to comply or to keep the Court apprised of any change of address would "be deemed as a purposeful delay and contumacious act by the plaintiff and may result in this case being dismissed."  (Dkt. 5 at 2).  *See also* (Dkt. 6 at 1-2).  On November 22, the Order to Show Cause was returned as undeliverable, marked, "INS Removed."  (Dkt. 8).  To date he has not filed any response nor otherwise contacted the Court.  It is apparent from Oliveros's failure to respond and communicate with the Court that he lacks interest in pursuing this claim and that he has failed to obey the Court's Orders.

The Court has the authority to dismiss an action for the plaintiff's failure to prosecute or to comply with a court order under Rule 41(b) of the Federal Rules of Civil Procedure and under the Court's inherent authority to dismiss the action *sua sponte*.  *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962).

The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court.  *Id.* at 629-30.  Since Defendants have never been called upon to respond to the Complaint or appeared in this action and since the Court has not considered the merits of the claims, the case is dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons

2

stated above, this case should be and is hereby **DISMISSED WITHOUT**

**PREJUDICE** for failure to obey Court Orders and prosecute.  A separate final

judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

     **SO ORDERED**, this the   27th  day of December, 2011.

                          __s/ David Bramlette_____
                          UNITED STATES DISTRICT JUDGE